# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| TANYA RAY, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:07CV00059 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| CUBA PORTER, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Hilary K. Johnson, Hilary K. Johnson, P.C., Abingdon, Virginia, for Plaintiff; A. Benton Chafin, Jr. and Martha Ketron, Chafin Law Firm, P.C., Lebanon, Virginia, for Defendant.*

The defendant has moved to dismiss this action brought under 42 U.S.C.A. § 1983 (West 2003) for failure to state a claim upon which relief can be granted. The defendant has also moved for summary judgment in his favor. For the reasons set forth, I will grant the Motion to Dismiss in part and deny it in part and deny the Motion for Summary Judgment.

I

The plaintiff, Tanya Ray, was employed as a probationary employee with the Russell County, Virginia, Department of Social Services from August 1, 2005, to March 28, 2006, when she was terminated by the local board of the Department of

Social Services ("Local Board" or "Board"). In her Second Amended Complaint, she contends that she suffers from von Willebrand's disease,[1] limiting her ability to travel, and that her supervisor, Eddie Harrison, the Director of Social Services for Russell County, directed her to travel to Roanoke, Virginia, to attend a seminar and refused to either allow her mother, also employed by the Department, to take time off to accompany her or to allow the plaintiff to delay attending the seminar for a short time until it would be held in Abingdon, much closer to her home. When she did not attend the seminar, Harrison recommended to the Board that she be terminated.

The defendant, Cuba Porter, is the current chairman of the Board. Ray alleges that Porter "strongly supported, and ultimately vote [sic] for, after persuading the other Board members to vote with him, [Ray's termination.]" (Second Am. Compl. ¶ 14.) Ray sues Porter in his individual capacity and contends that his conduct violated her liberty right "to engage in and pursue the career of her choosing." (*Id.*) She also claims that the termination of her employment violated her right to equal protection as guaranteed by the Fourteenth Amendment.[2]

---

[1] Von Willebrand's disease is "[a] hereditary predisposition to hemorrhaging characterized by bleeding from mucous membranes and various abnormalities in the blood components responsible for clotting." *Compact American Medical Dictionary* 489 (1998).

[2] Ray filed a charge over her termination with the Equal Employment Opportunity Commission pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12111-12117 (West 2005 & Supp. 2007) ("ADA"). She received a notice of right to sue from the Department of Justice, but her attorney advises the court that the plaintiff cannot sue

- 2 -

Case 1:07-cv-00059-JPJ-PMS   Document 46   Filed 04/16/08   Page 2 of 4   Pageid#: 156

The defendant moves for summary judgment on the ground that the Board, which had the authority to terminate the plaintiff, could not do so without a majority vote of its members and since the defendant is only one member, he cannot be held liable for the plaintiff's termination. The defendant moves to dismiss on the additional grounds that (1) the plaintiff has not alleged sufficient facts to show a due process liberty violation and (2) her cause of action arises under the ADA and cannot be based on the Equal Protection Clause of the Fourteenth Amendment. I will consider these grounds seriatim.

Even though the defendant was only one member of the Board, it is alleged that he was the moving force in the termination of the plaintiff. The Motion for Summary Judgment does not contest that allegation. Accordingly, at this point in the litigation, I cannot find that the plaintiff is unable to prove the defendant's individual liability.[3]

On the other hand, I agree that the plaintiff has failed to allege sufficient facts

---

the Local Board because the Local Board shares the Eleventh Amendment immunity of the Commonwealth of Virginia. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (holding that Congress did not validly abrogate state immunity in adopting Title I of the ADA). It is not necessary for me to resolve the issue of whether the Local Board shares such immunity, which, in any event, is beyond the present record. *See Gray v. Laws*, 51 F.3d 426, 431-33 (4th Cir. 1995) (discussing factors to be considered in determining whether a local governmental body is an arm of the state for Eleventh Amendment purposes).

[3] Of course, the plaintiff may have insufficient evidence to support this claim, and I do not preclude the defendant from a later motion for summary judgment contesting this allegation.

showing a violation of her liberty interest. At oral argument, counsel for the plaintiff advised that she is unable in good faith to allege further facts. The mere fact that the plaintiff was terminated is not sufficient to show a due process liberty violation. *See Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646-47 (4th Cir. 2007).[4]

Finally, while it is correct that § 1983 is not available to assert an ADA claim, *see Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997), a plaintiff is not precluded in a § 1983 action from alleging a denial of equal protection based on conduct that might also violate the ADA. *See Baumgardner v. County of Cook*, 108 F. Supp. 2d 1041, 1051 (N.D. Ill. 2000).

For these reasons, it is **ORDERED** as follows:

1. The Motion for Summary Judgment is DENIED;

2. The Motion to Dismiss is GRANTED in part and DENIED in part;

3. Any claim based on the violation of a due process liberty interest is DISMISSED; and

4. The Motion to Dismiss is otherwise DENIED.

ENTER: April 16, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] The plaintiff concedes that she had no state property right in her employment.

- 4 -